# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | ) ) ) |
| Plaintiffs, | ) Civil Action No: 6:20-cv-01110-ADA |
| v. | ) ) |
| YELLOW JACKET OIL TOOLS, LLC | ) ) |
| Defendant. | ) ) |
| NEXTIER COMPLETION SOLUTIONS, INC. | ) Civil Action No: 6:20-cv-01201-ADA |
| Defendant. | ) ) ) |
| GR ENERGY SERVICES OPERATING GP LLC, GR ENERGY SERVICES MANAGEMENT, LP, and GR ENERGY SERVICES, LLC | ) Civil Action No: 6:21-cv-00085-ADA ) ) ) ) ) |
| PERFX WIRELINE SERVICES, LLC | ) Civil Action No: 6:21-cv-00371-ADA |
| Defendant. | ) ) ) |
| HORIZONTAL WIRELINE SERVICES, LLC, and ALLIED WIRELINE SERVICES, LLC, | ) Civil Action No: 6:21-cv-00349-ADA ) ) |
| Defendants. | ) ) ) |

## **SCHEDULING ORDER**

Pursuant to the Court's Amended Standing Order Regarding Notice of Readiness for Patent Cases, a Case Management Conference ("CMC") in this case was deemed to have occurred

fourteen (14) days after issuance of that Order. As a result of the CMC, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
| --- | --- |
| **June 28, 2021** | Case Readiness Status Report Filed |
| 7 days before CMC<br><br>**July 6, 2021** | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 14 days after CRSR<br><br>**July 12, 2021** | Case Management Conference. |
| 2 weeks after CMC<br><br>**July 26, 2021** | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 7 weeks after CMC<br><br>**August 30, 2021** | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after CMC<br><br>**September 13, 2021** | Parties exchange claim terms for construction. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Deadline | Item |
|---|---|
| 11 weeks after CMC<br><br>**September 27, 2021** | Parties exchange proposed claim constructions. |
| 12 weeks after CMC<br><br>**October 4, 2021** | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC<br><br>**October 11, 2021** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC<br><br>**October 18, 2021** | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC<br><br>**November 8, 2021** | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC<br><br>**November 22, 2021** | Defendant files Reply claim construction brief. |
| 21 weeks after CMC<br><br>**December 6, 2021** | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply<br><br>**December 9, 2021** | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing)<br><br>**December 10, 2021** | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 23 weeks after CMC (or as soon as practicable)<br><br>**December 20, 2021** | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

3

| Deadline | Item |
|---|---|
| 1 business day after *Markman* hearing (pushed due to the Winter Holiday)<br><br>**January 4, 2022** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing<br><br>**February 14, 2022** | Deadline to add parties. |
| 8 weeks after *Markman* hearing<br><br>**February 28, 2022** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing<br><br>**April 25, 2022** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* hearing<br><br>**July 5, 2022** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing<br><br>**August 1, 2022** | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing<br><br>**August 8, 2022** | Opening Expert Reports. |
| 35 weeks after *Markman* hearing<br><br>**September 8, 2022** | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing<br><br>**September 26, 2022** | Close of Expert Discovery. |

| Deadline | Item |
|---|---|
| 39 weeks after *Markman* hearing<br><br>**October 3, 2022** | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing<br><br>**October 10, 2022** | Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 42 weeks after *Markman* hearing<br><br>**October 24, 2022** | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing<br><br>**November 7, 2022** | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing<br><br>**November 14, 2022** | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| 46 weeks after *Markman* hearing<br><br>**November 21, 2022** | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 47 weeks after *Markman* hearing<br><br>**November 28, 2022** | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference.<br><br>**Est. Dec. 7, 2022** | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable)<br><br>**Est. Dec. 12, 2022** | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

| Deadline | Item |
|---|---|
| 52 weeks after *Markman* hearing (or as soon as practicable)[4]<br><br>**Est. Jan. 3, 2023** | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing |

SIGNED this <u>12th</u> day of <u>November</u> 2021.

<u>/s/ Alan D Albright</u>
THE HONORABLE ALAN D ALBRIGHT
U.S. DISTRICT COURT JUDGE

AGREED:

By: */s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (*pro hac vice* to be filed)
Maryland Federal Bar No. 26061
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
Lauren Baker (*pro hac vice* to be filed)

By: */s/Amir Alavi*
Amir Alavi State Bar No.: 00793239
Todd Mensing State Bar No.: 24013156
Michael McBride State Bar No.: 24065700
Colin Phillips (Application for Attorney Admission Pending) State Bar No.: 24105937
Joshua Wyde State Bar No.: 24060858
Steven Jugle (Application for Attorney Admission Pending) State Bar No. 24083280
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500 Houston, Texas 77010 (713) 655-1101
aalavi@azalaw.com
tmensing@azalaw.com
mmcbride@azalaw.com
cphillips@azalaw.com
jwyde@azalaw.com
sjugle@azalaw.com

***ATTORNEYS FOR DEFENDANTS YELLOW JACKET OIL TOOLS, LLC, AND G&H DIVERSIFIED MANUFACTURING, LP***

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-Markman that are consistent with the Court's default deadlines in light of the actual trial date.

6

Georgia Bar No. 345536
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Lauren.Baker@wbd-us.com

Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

**Counsel for Defendants DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.**

/s/ *Amir H. Alavi*
Amir Alavi
State Bar No. 00793239
Michael McBride
State Bar No.: 24065700
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
mmcbride@azalaw.com

***ATTORNEYS FOR DEFENDANT NEXTIER COMPLETION SOLUTIONS, INC.***

*/s/ Aimee P. Fagan*
Aimee Perilloux Fagan, Lead Counsel
Texas State Bar No. 24010299
afagan@sidley.com
Phillip M. Aurentz
Texas State Bar No. 24059404
paurentz@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

***ATTORNEYS FOR DEFENDANTS GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC***

*/s/Carrie A. Bader*
Carrie A. Bader (*pro hac vice*)
Megan J. Redmond (*pro hac vice*)
**ERISE IP, P.A.**
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: megan.redmond@eriseip.com

7

Email: carrie.bader@eriseip.com
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
Melissa Smith
GILLAM & SMITH, LLP
Texas Bar No. 24001351
303 South Washington Avenue
Marshall, TX 75670
Email: melissa@gillamsmithlaw.com
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***ATTORNEYS FOR DEFENDANT PERFX WIRELINE SERVICES, LLC***

/s/ *Bryan P. Clark*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

Jason R. Grill (TX ID No. 24002185)
**STEPTOE & JOHNSON PLLC**
17088 Hughes Landing Blvd., Suite 750
The Woodlands, TX 77380
281.203.5700
281.203.5701 (fax)
jason.grill@steptoe-johnson.com

***ATTORNEYS FOR DEFENDANTS HORIZONTAL WIRELINE SERVICES, LLC AND ALLIED WIRELINE SERVICES, LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on July 26, 2021.

                                            */s/ Eric H. Findlay*
                                            Eric H. Findlay