IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH and DYNAENERGETICS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC, <br><br> Defendants. | Civil Action No. 6:21-cv-00085-ADA |

**DEFENDANTS' OPPOSED MOTION TO STAY PENDING POST-GRANT REVIEW AND *EX PARTE* REEXAMINATION OF THE ASSERTED PATENT**

Defendants GR Energy Services Operating GP LLC, GR Energy Services Management, LP, and GR Energy Services, LLC (collectively "GR Energy") respectfully request that the Court stay this litigation. Within the last few weeks the Patent and Trademark Office ("PTO") has instituted two separate reviews of the patentability of the sole patent at issue in this case, U.S. Patent No. 10,844,697. First, the Patent Trial and Appeal Board ("PTAB") instituted post-grant review ("PGR") of challenged claims 1-21 on several separate grounds. Second, a PTO examiner initiated *ex parte* reexamination ("EPR") of the '697 patent after finding that three substantial new questions of patentability exist regarding claims 1, 2, and 8-10. The challenged claims in each proceeding fully cover all of the claims at issue in this case. These independent review proceedings are each highly likely to end or otherwise simplify and focus the issues in this case. And Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") will suffer no undue prejudice from staying this case until the

PTO completes its reviews.  In view of these recent developments, on November 16, 2021, the Southern District of Texas stayed another lawsuit filed by DynaEnergetics asserting the '697 patent.  *DynaEnergetics Europe GmbH v. Nexus Perforating LLC*, No. 4:21-cv-00280, Dkt. No. 51 (S.D. Tex.), attached as Ex. 1.  GR Energy respectfully requests that this case also be stayed until the PTO's reviews of the '697 patent are complete.

I.   BACKGROUND

On January 28, 2021, DynaEnergetics filed suit against GR Energy as part of a wave of litigations in this Court accusing GR Energy's ZipFire perforating gun system of infringing the '697 patent.[1]  ECF No. 1 ¶¶ 20-33.  Specifically, DynaEnergetics asserts claims 1, 2, and 8-10 (the "Asserted Claims") of the '697 patent against GR Energy.  GR Energy answered on May 3 denying the allegations and asserting a counterclaim seeking declaratory judgment of non-infringement.  ECF No. 30 ¶¶ 11-13.  The Court has not yet conducted a claim construction hearing.  ECF No. 43 at 3.  Trial in this case is estimated to begin on January 3, 2023.  *Id*. at 6.

On May 10, third-party G&H Diversified Manufacturing, LP, filed a PGR petition with the PTO challenging claims 1-21 of the '697 patent.  ECF No. 38 at 1; Ex. 3 at 18.  Relevant here, the petition sets forth the following grounds of invalidity:

| Claims | PGR Instituted Grounds |
|---|---|
| 1, 2, 8-10 | 35 U.S.C. § 102 – Anticipated by Rogman[2] |
| 2 | 35 U.S.C. § 112(a) – Lack of enablement |
| 8 | 35 U.S.C. § 103 – Obvious in view of Rogman and Burton[3] |
| 9-10 | 35 U.S.C. § 103 – Obvious in view of Rogman and Borgfeld[4] |

---

[1] DynaEnergetics filed an amended complaint on April 12 to alter or add factual allegations, but did not change its claims against GR Energy.  ECF No. 28.
[2] U.S. Patent No. 10,077,641.
[3] U.S. App. No. 2013/0126237.
[4] U.S. App. No. 2013/0153205.

The PTAB found the petitioner met the more-likely-than-not standard for showing that claim 1 was anticipated by Rogman and that claim 2 lacked enablement. Ex. 2 at 37, 54. Accordingly, the PTAB issued a decision instituting PGR of claims 1-21 on all asserted grounds on November 1, nearly three weeks earlier than expected. Ex. 2 at 86; ECF No. 38 at 1-2.

On September 28, another third-party Nexus Perforating, LLC filed a request for EPR. Ex. 5 at 1, 40. The reexam request set forth the following three grounds of invalidity (Ex. 4 at 5), none of which are asserted in the PGR:

| Claims | EPR Instituted Grounds |
|---|---|
| 1 | 35 U.S.C. § 102 – Anticipated by Boop[5] |
| 1, 2, 8-10 | 35 U.S.C. § 102 – Anticipated by Harrigan[6] |
| 1, 2, 8-10 | 35 U.S.C. § 102 – Anticipated by Goyeneche[7] |

On November 1, less than five weeks after receiving the reexam request and the same day the PTAB instituted PGR, the examiner issued a decision instituting reexamination of the '697 patent. Ex. 4 at 2. The examiner found that all three asserted prior art references "appear[] to disclose all of the structure" of one (Boop) or all (Harrigan and Goyeneche) of the challenged claims, and therefore raise a substantial new question of patentability regarding the '697 patent. Ex. 4 at 11, 13, and 14.[8]

Importantly, in making its EPR institution decision, the examiner determined that the Asserted Claims have an effective filing date of June 8, 2017, which is about *four years* later than the July 18, 2013 effective filing date claimed on the face of the '697 patent through

---

[5] U.S. Patent No. 3,173,992.
[6] U.S. App. No. 2016/0084048.
[7] U.S. Patent No. 10,352,136.
[8] On July 21, 2021, another third-party SWM International, LLC filed a separate PGR petition against the '697 patent asserting yet additional grounds of invalidity, including anticipation of Asserted Claims by a "SafeJet System" and U.S. Patent No. 7,762,331 ("Goodman"), obviousness in view of SafeJet or Goodman combined with additional references, lack of written description under 35 U.S.C. § 112(a), and indefiniteness under § 112(b). Ex. 12 at 8-9. An institution decision is expected by January 21, 2022. *See* 35 U.S.C. § 314(b) & 37 C.F.R. § 42.107.

continuation applications and claimed by DynaEnergetics in its Preliminary Infringement Contentions in this case.  *Id.* at 9–10; '697 patent at (60); Ex. 6 at 2. Given this finding, the examiner is applying Goyeneche, Nexus's patent corresponding to the Nexus product DynaEnergetics has accused of infringement, as an anticipating reference. *Id.* at 13–14; *see also* Ex. 5 at 10-11; *see also* Ex. 7 at 3 (Am. Complaint, *Nexus*, No. 4:21-cv-00280, Dkt. 38.  In effect, the EPR has transformed an accused instrumentality into prior art that per se renders the patent unpatentable.

## II. LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted).  A specific purpose of the reexamination legislation was to allow district courts to stay cases pending PTO review of asserted patents.  *Small Axe Enterprises, Inc. v. Helen of Troy Ltd.*, Case No. EP-20-CV-00042-FM, Order at 5 (W.D. Tex. Apr. 17, 2020) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985).  When "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues," a stay is strongly justified.  *Multimedia Content Management LLC v. Dish Network L.L.C.*, Case No. 6:18-CV-00207-ADA, 2019 WL 11706231, *1 (W.D. Tex. May 30, 2019).  District courts analyze three factors when deciding whether to stay a case pending PTO review: "(1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested."  *Anza Tech., Inc. v. Avant Tech, Inc.*, Case No. A-17-CV-01193-LY, 2018 WL 11314191, *2 (W.D. Tex. Nov. 15, 2018).

## III.   ARGUMENT

All three applicable factors weigh heavily in favor of a stay. First, a stay will likely simplify the issues because the PTO is reviewing the patentability of every Asserted Claim on multiple grounds. Second, there is no undue prejudice because, as DynaEnergetics' own president testified under oath, GR Energy is not a competitor whose alleged infringement is causing irreparable harm. Third, having not yet proceeded to a claim construction hearing, this case is still in the preliminary stages of litigation.

### A.   A Stay Will Likely Simplify The Issues.

Every Asserted Claim in this case is now subject to review by the PTO in both the PGR and the EPR. Thus, the outcome of either the PGR or the EPR will likely prove to be dispositive if the asserted claims are found to be unpatentable. *See Nexus*, Ex. 1 at 5-7 (finding the simplification factor favors staying DynaEnergetics' claims because all asserted claims of the '697 patent are under review); *Click-to-Call Tech. LP v. Oracle Corp.*, Case No. A-12-CA-468-SS, 2013 WL 12121528, *2 (W.D. Tex. Nov. 25, 2013) ("[A] stay could certainly simplify the issues in this case—most obviously, a finding of invalidity could effectively end the case."). The likelihood of simplification here is particularly strong given the completely independent grounds of invalidity asserted between the PGR and the EPR.

Specifically, in the PGR the petitioner asserts that all of the Asserted Claims are anticipated by Rogman, and that claims 8-10 are further rendered obvious by Rogman combined with Burton or Borgfeld. Ex. 2 at 8-9. The PTAB will also consider whether claim 2 is invalid for lack of enablement under 35 U.S.C. §112(a). *Id.*

In the EPR, the examiner will evaluate whether all of the Asserted Claims are anticipated by Harrigan and Goyeneche, and further whether claim 1 is anticipated by Boop. Ex. 4 at 11, 13, and 14. In total, between the two PTO reviews there are three independent asserted grounds

(anticipation by Rogman, Harrigan, and Goyeneche) that alone have the potential to eliminate all of the Asserted Claims and render this litigation unnecessary. *See Fresenius USA, Inc. v. Baxter Int'l Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013). More importantly, each Asserted Claim is currently subject to four grounds of invalidity between the two proceedings, rendering the simplification factor particularly impactful towards staying the case. *See Kirsch Research and Dev., LLC v. IKO Indus.*, Inc., 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (finding four grounds of invalidity means "the simplification-of-issues factor overwhelms the other two factors").

Moreover, the PTAB found it more-likely-than-not that the PGR petitioner would prevail on review of at least Asserted Claims 1 and 2, while the EPR examiner found that two of the asserted prior art references "appear[] to disclose all of the structure" of the Asserted Claims. Ex. 2 at 36, 54; Ex.4 at 9-10. Research shows that through 2019, instituted PGRs result in the cancellation of some or all challenged claims 88% of the time. Ex. 9[9]; *See also* Ex. 10 (statistics from lexmachina.com) (finding 84% PGR success rate as to some or all challenged claims). As for EPRs, historically 79% of EPRs initiated by third-party requesters result in claims being amended (65%) or canceled (14%) according to the PTO's most recent published data (through September 30, 2020). *See* Ex. 11[10] at 2. And, regardless of outcome, statements made by DynaEnergetics during the PGR or EPR can act as a prosecution disclaimer that may affect the infringement arguments here. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017).

---

[9] https://www.finnegan.com/en/insights/blogs/at-the-ptab-blog/where-are-all-the-pgrs.html, last visited Nov. 12, 2021.
[10] https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf, last visited Nov. 12, 2021.

Even if the Asserted Claims are amended during reexamination, a stay is nevertheless warranted now because any change to the Asserted Claims may require DynaEnergetics to file an amended complaint, may necessitate GR Energy taking on renewed prior art searches and preparation of invalidity contentions, and may alter or render moot the claim construction disputes the parties are currently in the process of briefing.[11]  *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distributors Inc.*, No. 7:2019-cv-00026, Dkt. Nos. 82, 87 (W.D. Tex. filed Oct. 26, 2021) (ordering amended complaint following petitioner's amendment of claims in an IPR).  Allowing the case to proceed through a claim construction hearing and discovery only to have the case restarted *ab initio* would create unnecessary complications that can be avoided by staying the case now.  Proceeding in this case "could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources."  *Click-to-Call*, 2013 WL 12121528 at *1.

As the court in *Nexus* already found, a stay pending the PGR and EPR would likely simplify the current issues in this case and prevent unnecessary complications down the line.

      **B.**      **DynaEnergetics Will Not Be Unduly Prejudiced.**

Even DynaEnergetics has acknowledged that it is not being irreparably harmed by GR Energy's alleged infringement of the '697 patent. *See* Ex. 8 (Prelim. Inj. Hr'g Tr., *DynaEnergetics Europe GmbH v. OSO Perforating, LLC*, No. 3:21-cv-00188 (N.D. Tex. Oct. 6, 2021) at 12:10–20 ("[T]he only Preliminary Injunction Motions that we filed are the two [in the Northern District of Texas] for SWM and Oso . . . we did not file a preliminary injunction motion because we did not think that the irreparable harm rose to the level of SWM and Oso."); 176:21-23 ( "[The president of DynaEnergetics] knows who's irreparably harming him. *It's*

---

[11] To the extent the scope of one or more Asserted Claims are materially altered, the EPR may further have an effect on DynaEnergetics' infringement contentions and its ability to collect damages on the Asserted Claims.  *See* 35 U.S.C. §§ 252 & 307.

*Hunting, SWM and Oso*. That's who he filed preliminary injunctions against") (emphasis added). Indeed, such admission is likely to preclude DynaEnergetics from getting a permanent injunction, as it will not be able to show irreparable injury and monetary damages are not sufficient. *eBay, Inc. v. MercExchange LLC*, 547 U.S. 388, 91(2006). And the fact that DynaEnergetics has not sought a preliminary injunction against GR Energy (or any other '697 patent defendant in this Court) even though the prayer in its complaint requests a preliminary injunction, Dkt. 30 at 14, suggests "the threat of an injunction [was] employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for infringement and an injunction may not serve the public interest." *Id.* at 396–94 (Roberts, J., Concurring). This case concerns monetary compensation, and "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads*, 2015 WL 3773014 at *2.

Furthermore, DynaEnergetics' ability to collect royalties through licensing, for example, is diminished pending the resolution of the ongoing PTO proceedings, further reducing any purported prejudice. *See Click-to-Call*, 2013 WL 12121528 at *1 ("[I]t is unclear why anyone would license a patent currently undergoing *inter partes* review given the PTAB's high standard for granting review in the first instance."). Here, the PTAB's more-likely-than-not standard for instituting PGR is even higher than the "reasonable likelihood" threshold for instituting *inter partes* review, rendering any prejudice to DynaEnergetics weaker than that of the plaintiff in *Click-to-Call*, which this Court found insufficient to deny a stay. *Compare* 35 U.S.C. § 314(a) *with* § 324(a).

Moreover, as noted above in § III.A, not staying the case now is likely to result in further complications later. A finding that the one or more Asserted Claims are invalid—which is likely given the number of grounds presented in the PGR and EPR for which the PTO instituted

review—would necessarily mean that the parties had wasted time and resources litigating the rejected claims for no purpose. *Click-to-Call*, 2013 WL 12121528, *1 (noting the "extraordinarily wasteful" scenario if the litigation proceeds and the asserted patent is invalidated by the PTO). If anything, barreling ahead with the litigation now would unduly prejudice GR Energy. As a specific example, the EPR examiner held the priority date of the '697 patent to be June 8, 2017, four years later than the July 18, 2013 priority date asserted by DynaEnergetics here and identified on the face of the '697 patent. *Id.* at 9–10;'697 patent at (60); Ex. 6 at 2. GR Energy accordingly conducted its prior art searches around 2013 and before. Moreover, the later priority date would mean that DynaEnergetics' own purportedly practicing product is prior art to the Asserted Claims. *See* Ex. 8 at 27:7-8 (Mr. Grieves, President of DynaEnergetics: "[W]e launched [DynaStage] in 2014.") and 65:16-17 (Counsel for DynaEnergetics: "But as Mr. Grieves talked about, we have a sample of the DynaStage product that practices the '697 Patent here today."). GR Energy would be severely prejudiced if this case were to proceed under the earlier July 18, 2013 priority date and the PTO finally declares the '697 patent's priority date to be four years later. The least prejudicial course of action is to stay the case until the dust has settled.

    **C. The Early Stage of the Litigation Supports Staying the Case.**

  This case is still in its infancy. *Nexus*, Ex. 1 at 4 (finding early stage of litigation favored staying DynaEnergetics' claims). The court has not held a *Markman* hearing or issued a claim construction order, and the parties have not completed claim construction briefing. ECF No. 43 at 3. Fact discovery does not begin for another month and a half, on January 4. *Id*. at 4. The current estimated trial date is not until January 2023. *Id*. at 6. The bulk of the work for the parties and the Court in this case lies ahead. *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage

of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."). And, any claim construction, infringement, or validity judgments issued by this Court regarding the '697 patent will remain "dubious" while the PTO retains the ability to invalidate the Asserted Claims. *Crossroads*, 2015 WL 3773014 at *4.

Even assuming the January 3, 2023 trial date remains in place, the PGR and EPR proceedings are both likely to conclude prior to trial here. The PTO issued both its decisions instituting review on November 1, 2021, roughly fourteen months before the estimated January 2023 trial date. Ex. 2 at 86; Ex. 4 at 2. For PGRs, the PTAB is expected to issue a final written decision within one year of the institution decision by statute, placing the PTAB's final written decision on the '697 patent around November 1, 2022. 35 U.S.C. § 326(a)(11). Regarding the EPR, some estimates find that the average time from an examiner's decision to institute EPR to a notice of intent to issue a reexamination certificate is as little as 11.4 months.[12] The fact that the EPR examiner here took less than five weeks to issue a decision to reexamine the '697 patent suggests that the reexamination process may unfold even more quickly than normal.

Finally, the PGR and EPR proceedings were both pursued diligently by their respective petitioners. Third-party G&H Diversified filed the PGR petition on May 10, 2021, over a month before the consolidated Case Management Conference and just seven days after GR Energy answered the complaint in this case. ECF No. 30; ECF No. 43 at 2. Third-party Nexus Perforating filed the request for EPR just a few months afterward, in September 2021. GR Energy further acted with diligence in preparing this motion to stay following its discovery of the PTO's November 1st institution decisions, so as not to allow the case to progress any further than necessary. *See Multimedia*, 2019 WL 11706231 at *3 ("The Court also considers 'whether

---

[12] *See, e.g.*, https://www.finnegan.com/en/insights/blogs/prosecution-first/update-central-reexamination-unit.html (last visited November 12, 2021).

the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay.'") (citation omitted). Given the very early stage of the litigation, and the timeliness of the petitioners in seeking PTO review as well as GR Energy in filing this motion, this factor favors staying the case.

## IV.   CONCLUSION

For the forgoing reasons, GR Energy respectfully requests that the Court stay this case until such time as the later of the PGR and EPR proceedings challenging the '697 patent are complete.

Dated: November 19, 2021

Respectfully submitted,

By: */s/ Aimee Fagan*
Aimee Perilloux Fagan, Lead Counsel
Texas State Bar No. 24010299
afagan@sidley.com
Phillip M. Aurentz
Texas State Bar No. 24059404
paurentz@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

**ATTORNEYS FOR DEFENDANTS GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

On November 16, counsel for GR Energy conferred with counsel for DynaEnergetics by email wherein counsel for DynaEnergetics stated that they oppose the relief sought in the present motion.

/s/     *Aimee Fagan*
Aimee P. Fagan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on November 19.

/s/     *Aimee Fagan*
Aimee P. Fagan