**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GR ENERGY SERVICES OPERATING GP LLC, GR ENERGY SERVICES MANAGEMENT, LP, and GR ENERGY SERVICES, LLC, <br><br> Defendants. | Civil Action No: 6:21-cv-00085-ADA |

**DYNAENERGETICS' OPPOSITION TO DEFENDANTS' MOTION TO STAY
PENDING POST-GRANT REVIEW AND EX PARTE REEXAMINATION OF U.S.
PATENT NO. 10,844,697**

**<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION ................................................................................................1

II.     LEGAL STANDARD...........................................................................................2

III.    ARGUMENT ......................................................................................................3

       A.      DynaEnergetics and the Court will be prejudiced by an indefinitely lengthy
            stay. ........................................................................................................3

       B.      GR Energy would not suffer a hardship should the case proceed and instead
            gains an unfair tactical advantage. ...........................................................5

       C.      Judicial economy warrants denying the stay. ...........................................7

IV.     CONCLUSION....................................................................................................9

i

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") hereby oppose the Motion to Stay Pending Post-Grant Review and Ex Parte Reexamination of U.S. Patent No. 10,844,697 (the "'697 Patent") filed by Defendants GR Energy Services Operating GP LLC, GR Energy Services Management, LP, and GR Energy Services, LLC (collectively, "GR Energy"). Dkt. 44.

## I.   INTRODUCTION

Consistent with its strategy to drive up litigation costs and delay resolution of claims, this is GR Energy's <u>second</u> Motion to Stay, which was filed only about a month after filing its first Motion to Stay (Dkt. 37) in this action. Like in its first Motion to Stay, GR Energy continues to ride the coattails of third parties in its continued attempt to escape adjudicating the merits of DynaEnergetics' patent infringement claims. GR Energy has already sought a stay pending the outcome of a baseless third-party lawsuit where the defendant paid a named inventor of the patent-in-suit $350,000 to say he was defrauded by DynaEnergetics (Dkt. 37). GR Energy failed to mention to the Court that its first motion to stay is pending, which demonstrates the lack of confidence that GR Energy has in the success of that motion.

GR Energy now seeks a stay pending the Post-Grant Review ("PGR") filed by third-party G&H Diversified Manufacturing, LP ("G&H")[1] and the *ex parte* reexamination ("EPR") filed by third-party Nexus Perforating, LLC ("Nexus")[2]. However, GR Energy is not a party to the G&H PGR proceeding and is not subject to estoppel under 35 U.S.C. § 325(e)(2), nor is GR Energy bound by any estoppel with respect to the EPR. Thus, if a stay is granted, GR Energy would remain free to rehash all of the same invalidity arguments—including arguments based on references

---

[1] G&H is another defendant in a related '697 Patent infringement action in this District. *See DynaEnergetics Europe GmbH v. G&H Diversified Manufacturing, LP*, Case No. 6:20-cv-01110-ADA (W.D. Tex.).
[2] Nexus is another defendant in a related '697 Patent infringement action in the Southern District of Texas. *See DynaEnergetics Europe GmbH v. Nexus Perforating LLC*, No. 4:21-cv-00280 (S.D. Tex.).

considered by the Patent Trial and Appeal Board ("PTAB") in the PGR proceeding and the arguments considered by the examiner raised in the EPR proceeding—for the claims that will survive the proceeding. That approach will not simplify the case. And it will unduly prejudice DynaEnergetics while providing GR Energy with a clear tactical advantage—a substantial delay of the '697 Patent lawsuit with a second bite at the invalidity apple after the PGR and EPR proceedings conclude.

In sum, GR Energy attempts to reap all of the benefits of a stay with none of the obligations. Furthermore, GR Energy's second Motion to Stay, if granted, will irreparably harm and unduly prejudice DynaEnergetics. For these reasons, DynaEnergetics respectfully requests that the Court deny GR Energy's motion to stay.

## II.    LEGAL STANDARD

This Court enjoys inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and consequently may stay proceedings in appropriate circumstances. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A party seeking to stay a lawsuit faces a high burden and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. Indeed, courts routinely deny motions to stay. *See, e.g.*, *Fairfield Indus. Inc. v. Seabed Geosolutions (US) Inc*., No. H-17-1458, 2018 WL 6594013, at *1 (S.D. Tex. July 3, 2018); *Nokia Corp. v. Apple Inc*., No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011); *Xerox Corp. v. 3Com Corp*., 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999).

In determining whether a stay pending PGR is proper, "a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Kerr Mach.*

*Co. v. Vulcan Indus. Holdings, LLC*, No. 6:20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. Apr. 7, 2021) (citing *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019); *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)).

Furthermore, with respect to stays pending patent reexamination, "[t]he potential for use of the reexamination process as a dilatory tactic must be considered." "*BarTex Rsch., LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009). "[L]itigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent—they may be concurrent proceedings." *Id*. at 650 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988)).

## III.   ARGUMENT

### A.   DynaEnergetics and the Court will be prejudiced by an indefinitely lengthy stay.

Because GR Energy is seeking a stay based on both the EPR and PGR proceedings, DynaEnergetics will be prejudiced by the extraordinary length of time even an average reexamination takes. On average, *ex parte* reexaminations endure an overall reexamination pendency (from filing date to certificate issue date) of over 25 months. Dkt. 44-12 at 4. Should GR Energy's requested stay be granted, it could ultimately delay DynaEnergetics' interest in adjudicating the claims well beyond the January 2023 trial date estimated in the Proposed Scheduling Order (Dkt. 34), possibly to 2024 or later.  Thus, GR Energy's strategic decision to seek a stay pending the typically slower *ex parte* reexaminations, in addition to the PGR proceeding, would even further delay this case should a stay be granted.

Even if a stay is only granted pending the PGR proceeding, based on the PTAB's final written decision deadline of November 1, 2022, GR Energy requests the Court to stay this case for

over eleven months, which would push back the parties' ability to reach the merits of this case by almost two years from the filing of the Complaint in January 2021. During this stayed period, GR Energy would be allowed to continue introducing its infringing products into the market without any obligation to advance litigation by responding to discovery, producing documents, providing witnesses, or disclosing its noninfringement theories. A stay would needlessly postpone resolution of this case at the expense of DynaEnergetics and the Court, all to the singular benefit of GR Energy. *See Kerr*, 2021 WL 1298932, at *2 ("[T]he Court sees the pursuit of a stay as a delay tactic that would only benefit [Defendant].").

DynaEnergetics and GR Energy are direct competitors, and GR Energy is actively selling infringing products in the market. Each day that this case continues without resolution presents GR Energy with additional opportunity to displace DynaEnergetics' sales with GR Energy's own infringing products. GR Energy argues that "DynaEnergetics has acknowledged that it is not being irreparably harmed by GR Energy's alleged infringement of the '697 patent," (Dkt. 44 at 7), but this is patently false. DynaEnergetics has made no such concession and, further, has filed preliminary injunction motions against multiple similarly situated infringers in an effort to mitigate the harm that it has endured under a wave of infringement (to which GR Energy has contributed significantly). GR Energy mischaracterizes the transcript from a preliminary injunction hearing in the Northern District of Texas between DynaEnergetics and two separate infringers. For example, GR Energy quotes from an excerpt of the hearing transcript that reads in its entirety: "And, in fact, [with] ***Bear, who's also before Your Honor,*** we did not file a preliminary injunction motion because we did not think that the irreparable harm rose to the level of SWM and Oso." *See id.* (quoting Dkt. 44-9 at 12:17-20 (emphasis added)). When read in context, DynaEnergetics' counsel was clearly comparing the harms caused by three defendants (SWM, Oso, and Bear) before the

4

court in the Northern District and unrelated to this case. But in a self-serving revision, GR Energy intentionally omits the reference to Bear in order to make it appear that DynaEnergetics was discussing and minimizing GR Energy's harm. There is no doubt that GR Energy's continuing infringement is causing irreparable harm to DynaEnergetics, but with an expeditious trial schedule now set in this case, DynaEnergetics economically chose to streamline the proceedings here and not expend the parties' or the Court's resources with a preliminary injunction motion.

And now that this case is ready to proceed on the merits, GR Energy has chosen to file yet another motion to stay in a further effort to postpone the consequences of its continued infringement. As the Court explained in *Kerr*, "allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages." 2021 WL 1298932, at *2. A stay would completely undercut DynaEnergetics' efforts to streamline this case and pursue its day in Court. *Id.*; *see also Continental Intermodal Group-Trucking LLC v. Sand Revolution LLC*, No. 7:18-CV-00147, Dkt. 105 (W.D. Tex. July 22, 2021). The considerable prejudice to DynaEnergetics that a stay would cause weighs against granting the Motion.

### B. GR Energy would not suffer a hardship should the case proceed and instead gains an unfair tactical advantage.

"Considering the possibility of harm to [Plaintiff], Defendants ***must*** show a clear hardship or inequity should the case proceed." *Kerr*, 2021 WL 1298932, at *2 (emphasis added). GR Energy failed to show that it would suffer from any hardship in its motion to stay, because it does not suffer from any. Instead GR Energy gains a distinct tactical advantage by seeking a stay based on the third-party proceedings.

Because GR Energy is not a party to the PGR proceeding, GR Energy is not bound by the statutory estoppel effects of that proceeding. *See* 35 U.S.C. § 325(e)(2) ("The ***petitioner*** in a post-

grant review of a claim in a patent . . . that results in a final written decision . . . may not assert . .

. in a civil action . . . that the claim is invalid on any ground that the ***petitioner*** raised or reasonably

could have raised during that post-grant review.") (emphasis added). GR Energy is also not

estopped by the EPR, which means GR Energy thus attempts to retain the right to present a full-

blown prior art case for the '697 Patent after the stay lifts. That will provide GR Energy with a

clear tactical advantage: two bites at the prior art apple. *See Intell. Ventures II LLC v. Kemper*

*Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *4 (E.D. Tex. Nov. 7, 2016) ("Plaintiff argues

that the lack of statutory estoppel tips the prejudice factor against a stay, because without an

estoppel binding [defendant] to the full extent of 35 U.S.C. § 315, [defendant] could retain the

right to present a nearly full-blown prior art case for the Asserted Patents after the stay lifts. The

Court agrees.") (citations omitted); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476,

484 (E.D. Va. 2014) ("That Defendants may have two separate opportunities in two separate

forums to challenge the validity of Plaintiffs' patent does raise a concern of an unfair tactical

advantage, giving them two bites of the apple as to a central defense."); *Smartflash LLC v. Apple*

*Inc.*, 621 F. App'x 995, 1003 (Fed. Cir. 2015) (concluding that a strategy that afforded two

opportunities to pursue a single defense provided a clear tactical advantage). GR Energy's

requested stay could last years, increasing DynaEnergetics' cost to prosecute its infringement case

without a corresponding narrowing effect on GR Energy's prior art defenses (let alone its other

defenses).

   Furthermore, despite GR Energy and the other defendants in the related '697 Patent

litigations clearly coordinating a joint defense strategy, the fact that GR Energy is seeking a stay

based on the third-party PGR and even slower EPR (that also does not impose any estoppel

provisions) without filing or joining any petitions at the PTO "raises a strong inference of

gamesmanship." *Affinity Labs of Texas, LLC v. Dice Elecs., LLC*, No. 9:08-CV-163, 2009 WL 10296818, at *2-3 (E.D. Tex. Feb. 20, 2009) ("It would be naive to believe that counsel for at least some of the Defendants are not coordinating mutually beneficial defense strategies. . . . All are waiting to let [one defendant] take a shot at defeating [plaintiff at the PTO]. Of course, if things do not go well at the PTO, each Defendant in turn can file a request for *ex parte* reexamination. Defendants could then still assert the same and similar claims in this court."). GR Energy's strategy to seek a stay to see the results of the PGR and EPR but not be bound by the results of either proceeding should not be tolerated.

Finally, because even the survival of a single asserted claim would necessitate continued litigation, GR Energy's stay request rests on the speculative assumption that the third-party proceedings will prevail on every asserted claim at the PTAB. Otherwise, a stay would only serve to further delay the proceedings to GR Energy's sole benefit. Despite GR Energy's assertion that the case is in its "infancy," this case is actually quite far along. The Court has already issued a scheduling order setting a trial date for January 3, 2023, meaning that the Court's decision on this Motion will fall nearly on, if not past, the halfway point in this case. At this advanced stage, the parties have served infringement and invalidity contentions and submitted three of the four scheduled claim construction briefs, with the fourth brief due in one business day and the *Markman* hearing a mere three weeks away. Simply requiring an active and willful infringer to continue participating in this litigation is far from inequitable or insufferable. Accordingly, GR Energy's lack of hardship, especially in view of the ongoing harm to DynaEnergetics, in addition to its clear tactical advantage evidences that a stay here is unwarranted.

### C.     Judicial economy warrants denying the stay.

"The absence of a full statutory estoppel not only increases the ability of litigants to 'game the system' and devise an unfair second bite at the apple, it also has the potential to increase rather

than reduce the complexity of the validity issues that may come before the Court." *Intell. Ventures*, 2016 WL 7634422, at *3 ("This ability to raise such prior art systems in a subsequent district court litigation is always present. However, barring an estoppel agreement commensurate with that of the statute, defendants can go one step farther. Parties would be free to rehash many of the same invalidity arguments based on references already considered by the PTO in the IPR proceedings."). Though GR Energy argues that the Court should be persuaded to grant a stay because "[e]very Asserted Claim in this case is now subject to review by the PTO in both the PGR and the EPR," Dkt. 44 at 5, even a single upheld asserted claim would necessitate continued litigation. And without any estoppel to limit its use of prior art, GR Energy will be free to raise all of the same arguments that were or could have been raised before the PTO, which would eviscerate any expected efficiencies from the PTO proceedings. *LakeSouth Holdings, LLC v. Ace Evert, Inc.*, No. 3:14-CV-1348-N, 2015 WL 10818619, at *2 (N.D. Tex. June 17, 2015) ("Indeed, should any claims survive the pending IPRs . . . the expected efficiencies would be eviscerated should Defendants go on to bring invalidity arguments in this court that were raised or could have been raised before the PTAB.") (internal quotations and citations omitted).

Furthermore, a stay will not further judicial economy where the Court has already issued a scheduling order, set a trial date, and advanced the case almost completely through claim construction. A stay at this stage would derail the Court's scheduled dates (including the trial date) and squander the Court's time and effort spent to progress the case forward in spite of GR Energy's multiple attempts to stay. Moreover, staying the case would significantly reduce the parties' urgency and motivation to discuss settlement (likely the most powerful tool for preserving judicial resources), and a settlement would become harder to obtain after the parties have invested even

more into a PTAB trial and GR Energy has been allowed to continue selling infringing products for another year. Accordingly, concerns of judicial economy also militate against a stay.

## IV.     CONCLUSION

Staying this case would unduly prejudice and tactically disadvantage DynaEnergetics, would not simplify the issues in this case, and would not reduce the burden on the parties or the Court. DynaEnergetics respectfully requests that this Court deny GR Energy's Motion.

Dated: December 3, 2021

Respectfully submitted,

By: ___/s/Eric H. Findlay_____
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (admitted *pro hac vice*)
Maryland Federal Bar No. 26061
Stephanie M. Nguyen (admitted *pro hac vice*)
DC Bar No. 1046300
Julie C. Giardina (admitted *pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (admitted *pro hac vice*)

9

Georgia Bar No. 476319
Christine H. Dupriest (admitted *pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Telephone: (404) 962-7538
Christine.Dupriest@wbd-us.com

Lisa J. Moyles (admitted *pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (admitted *pro hac vice*)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

Mark D. Siegmund
State Bar No. 24117055
Steckler Wayne Cochran Cherry, PLLC
8416 Old McGregor Road
Waco, TX 76712
Telephone: 254.651.3690
Facsimile: 254.651.3689
mark@swclaw.com

*Attorneys for Plaintiffs DynaEnergetics Europe
GmbH and DynaEnergetics US, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby confirms that on December 3, 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay
