IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH and DYNAENERGETICS US, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC,<br><br>    Defendants. | Civil Action No. 6:21-cv-00085-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING POST-GRANT REVIEW AND *EX PARTE* REEXAMINATION OF THE ASSERTED PATENT**

GR Energy[1] submits this reply in support of its Motion to Stay Pending Post-Grant Review and *Ex Parte* Reexamination of the Asserted Patent ("Motion to Stay"). ECF No. 44. DynaEnergetics' response, while full of extreme rhetoric, is very light on engaging on the substantive and unique issues that make this case a poster child for a stay. For example, nowhere does DynaEnergetics confront the well-reasoned decision by Judge Rosenthal to stay its case against Nexus Perforating LLC (Ex. 1[2]) in light of the PTO proceedings, the high likelihood that some or all of the Asserted Claims of the '697 patent will be invalidated between the several grounds of invalidity at issue in the PTO proceedings, or the specific sources of prejudice unique to GR Energy identified in the Motion to Stay. ECF No. 49; *see* Mot. at 2-3 & 7-9. Instead, DynaEnergetics' response focuses on alleged prejudices that are (1) of its own making;

---

[1] Unless otherwise noted, Defendants continue to use the defined terms set forth in the Motion to Stay.
[2] Exhibit numbers refer to the exhibits attached to the Motion to Stay.

DEFENDANTS' REPLY ISO MOTION TO STAY      1

(2) inherent to any stay; and/or (3) nominal, if not nonexistent.[3]  Despite similar claims of prejudice to those made by DynaEnergetics, this Court recently granted a stay pending IPRs because the asserted claims, like here, were subject to four grounds of invalidity before the PTAB.  *Kirsch Research and Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555610, *2-3 (W.D. Tex. Oct. 5, 2021) (Albright, J.).  As such, DynaEnergetics has provided no good reason, much less a compelling one, for denying GR Energy's request for a stay, thus the Court should grant a stay.

**I.      DynaEnergetics is Not Unduly Prejudiced**

At the outset, DynaEnergetics complains of a perceived strategy by GR Energy to "drive up litigation costs and delay resolution of claims." Resp. at 1.  But reducing litigation costs while resolving claims is exactly the reason that the Court should enter a stay now.  By GR Energy's count, DynaEnergetics is asserting the '697 patent against over ten parties, not including GR Energy.  Rather than having multiple courts slog through parallel litigations rendering patchwork decisions concerning the '697 patent, the least expensive (and most consistent) path to resolving claims here is to stay the case pending the PTO's decisions.

The only potential harm to DynaEnergetics from a stay is the delay of potential damages for which it can be compensated.  DynaEnergetics does not dispute that it did not seek a preliminary injunction against GR Energy, or even most of the defendants it has accused of infringing the '697 patent, presumably because it knows it does not suffer irreparable harm.  In fact, during the hearing for the preliminary injunctions DynaEnergetics *did* pursue, Judge Lynn of the Northern District of Texas pointedly asked DynaEnergetics "[h]ave you gotten a preliminary injunction in *any of your 12 cases*?" Ex. 8 at 12:13-14 (emphasis added).

---

[3] DynaEnergetics surmises that the Motion to Stay illustrates the weakness of GR Energy's prior motion to stay pending resolution of the '697 patent ownership dispute. Resp. at. 1.  But that dispute presents yet another reason this Court should grant a stay now.

DynaEnergetics responded that "the only Preliminary Injunction Motions that we filed are the two in your court for SWM and Oso." *Id.* at 12:15-17.  DynaEnergetics then clarified that it did not pursue an injunction against Bear, "who's also before your Honor… because we did not think that the irreparable harm rose to the level of SWM and Oso." *Id*. at 12:17-20.  Thus, DynaEnergetics singled out Bear because it *is the only other party sued in that court*, not because it is the only party for which DynaEnergetics did not suffer irreparable harm.  GR Energy did not mischaracterize the hearing transcript, and DynaEnergetics ignores the other unambiguous portion of the transcript cited by GR Energy in which DynaEnergetics explicitly listed the three parties—Oso, SWM, and Hunting[4]—that are "irreparably harming" it.  *Id.* at 176:21-23.

In any event, DynaEnergetics has presented no evidence supporting its claim of irreparable harm.  Instead, it relies on conclusory allegations of continued infringement by GR Energy and the unsupported statement that GR Energy is "similarly situated" to the three defendants against whom DynaEnergetics sought an injunction.  Resp. at 4.  But the Court should take DynaEnergetics at its word: it has no evidence to present because GR Energy is not one of the parties "who's irreparably harming [it]."  Without any showing of irreparable harm, DynaEnergetics does not suffer any cognizable prejudice that warrants denying a stay—it merely suffers a delay in potential monetary damages inherent to any stay.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [the plaintiff] will be entitled… it only delays realization of those damages …."); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, 2015 WL 3773014 *2 (W.D. Tex. 2015) (conclusory allegations of lost market share insufficient to establish undue prejudice).

---

[4] Moreover, the suit against Hunting Energy Services, Inc. is proceeding in the Southern District of Texas.  Case No. 4:17-cv-3784 (S.D. Tex.).  It is abundantly clear that DynaEnergetics' prior admissions regarding irreparable harm before Judge Lynn were not limited to litigants sued in her court.

Moreover, any alleged harm to DynaEnergetics assumes the '697 patent is both valid and infringed. The second assumption is nothing but the bare allegation of DynaEnergetics, and the first assumption is particularly dubious given that each of the Asserted Claims is under review in two concurrent PTO proceedings on four grounds of invalidity, Mot. at 2-3, not to mention that the PTO has already determined that the '697 patent is not entitled to its earliest priority date. This finding is fatal to the validity of the '697 patent because DynaEnergetics' own products would become admittedly invalidating prior art based on the adjusted priority date. Mot. at 9.

**II.   GR Energy Does Not Gain an Unfair Advantage From a Stay**

DynaEnergetics argues that "GR Energy gains a distinct tactical advantage by seeking a stay" because it is not subject to estoppel. Resp. at 5. But EPRs do not carry estoppel even as to the petitioner, and courts regularly stay cases pending EPRs, including one of DynaEnergetics' own cases. *See*, *e.g.*, Ex. 1; *see also Agis Software Dev. LLC v. Google LLC*, Case No. 2-19-cv-00361, ECF No. 219 (E.D. Tex. Feb. 9, 2021) ("[W]here the PTAB has instituted IPR proceedings or the PTO has granted EPR's as to all claims of all asserted patents, this Court has likewise routinely stayed cases because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial."). Thus, the lack of EPR estoppel imputed to GR Energy is a distraction.[5]

And, despite DynaEnergetics' insinuations otherwise, GR Energy was not involved in the preparation of either the PGR or the EPR, and has no control over the proceedings. It was DynaEnergetics, not GR Energy, that chose to initiate this and other lawsuits across the industry staggered over a period of several months. DynaEnergetics cannot now claim prejudice from the fact that several, independent defendants *it* chose to sue have a right to pursue meritorious

---

[5] Should the Court decide that estoppel issue is the deciding factor between granting or denying a stay, GR Energy would be willing to consider voluntarily submitting to an estoppel similar to that of 35 U.S.C. § 325(e).

DEFENDANTS' REPLY ISO MOTION TO STAY                                                                                              4

defenses. The unfair prejudice lies with GR Energy having to continue to defend a lawsuit against patent claims that the PTAB has found are more-likely-than-not to be shown unpatentable and a patent examiner has found appear to be disclosed by multiple prior art references. *See* Mot. at 2-3. Findings by the PTAB and examiner, and statements by DynaEnergetics regarding the scope of construction of the Asserted Claims, are likely to occur *after* the Court's currently-scheduled *Markman* hearing on December 28. ECF No. 46. The Court and GR Energy are thus prejudiced by not having the full prosecution history of the Asserted Claims prior to hashing out constructions.

Instead, it is DynaEnergetics that is currently seeking to gain a distinct tactical advantage. As noted in the Motion to Stay, the EPR examiner found that the effective filing date of the patent is *four years later* than the face of the patent indicates. Mot. at 9. That finding has immense implications for the universe of available prior art, including *DynaEnergetics' own practicing product*. *Id*. DynaEnergetics does not even mention the examiner's finding in its response, and is undoubtedly motivated to extract a quick settlement or race to trial here in order to avoid its consequences.

### III.  Judicial Economy Warrants a Stay

DynaEnergetics' argument that the lack of estoppel would eviscerate any judicial efficiencies is misplaced. If the case were to proceed now, GR Energy would be forced to pursue all grounds of invalidity, including those asserted in the PTO proceedings, against all asserted claims necessarily causing duplication of efforts between the Court and two bodies at the PTO. By contrast, if the case were stayed, upon resumption the parties need only litigate the

surviving claims.[6]  *NFC Tech. LLC v. HTC America, Inc.*, 2015 WL 1069111, *4 (E.D. Tex. 2015) ("[I]f the proceedings result in cancelation of some or all of the asserted claims, [] some portion of the litigation will fall away…."). Staying the case now at worst would expend the same judicial resources (although postponed), but is in reality likely to reduce the claims at issue.

DynaEnergetics argues that GR Energy's motion "rests on the speculative assumption" the PTO will find invalid every Asserted Claim. Resp. at 7. This is incorrect. In 63% of instituted PGRs that reach a final decision, the PTAB amends or cancels every single claim, while only 16% result in none of the claims being cancelled or amended. Exhibit 10 at 2.

Finally, DynaEnergetics refers to the case nearing the "midway point," but that cursory observation fails to consider where the majority of the work lies. The *Markman* stage is incomplete. *See Smartflash v. Apple*, 621 F. Appx. 995, 1000 (Fed. Cir. 2015) (status of the case is evaluated as of the time of motion). The parties have not conducted any fact or expert depositions, exchanged any discovery requests, or prepared expert reports. The Court has not heard any discovery motions, motions for summary judgment, or *Daubert* motions. Finally, the parties and the Court have not yet begun pre-trial preparation or conducted a trial.

## IV.   CONCLUSION

For the forgoing reasons, GR Energy respectfully requests that the Court stay this case until such time as the later of the PGR and EPR proceedings challenging the '697 patent are complete.[7]

---

[6] DynaEnergetics' argument also assumes that GR Energy will choose to pursue each failed ground of invalidity before this Court under the Court's heightened clear-and-convincing-evidence standard for demonstrating invalidity, a dubious claim.

[7] DynaEnergetics harps on GR Energy's request for a stay pending resolution of the later of the two proceedings. GR Energy reiterates that there is cause for the Court to stay the litigation in light of each of the PGR and EPR individually. Thus, should the Court determine that staying the case pending resolution of *both* of the proceedings is not in the interests of justice, the Court should nevertheless consider whether the case should be stayed pending final resolution of either the PGR or the EPR.

Dated: December 10, 2021                                     Respectfully submitted,

By: */s/ Aimee P. Fagan*
Aimee Perilloux Fagan, Lead Counsel
Texas State Bar No. 24010299
afagan@sidley.com
Phillip M. Aurentz
Texas State Bar No. 24059404
paurentz@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

**ATTORNEYS FOR DEFENDANTS GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on December 10, 2021.

                                              */s/ Aimee P. Fagan*
                                              Aimee P. Fagan