# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>     Plaintiffs, <br><br>     v. <br><br> GR ENERGY SERVICES OPERATING GP LLC, GR ENERGY SERVICES MANAGEMENT, LP, and GR ENERGY SERVICES, LLC <br><br>     Defendant. | Civil Action No: 6:21-cv-00085-ADA |
| HORIZONTAL WIRELINE SERVICES, LLC, and ALLIED WIRELINE SERVICES, LLC, <br><br>     Defendants. | Civil Action No: 6:21-cv-00349-ADA |
| PERFX WIRELINE SERVICES, LLC, <br><br>     Defendant. | Civil Action No: 6:21-cv-00371-ADA |

**DYNAENERGETICS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION IN PART OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO STAY**

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively "DynaEnergetics") respectfully request the Court clarify and/or reconsider in part its order granting Defendants' Motion to Stay Pending Post-Grant Review ("PGR") as to the above-captioned defendants as specifically described below.

**I.    INTRODUCTION**

The three groups of defendants that are the subject of this Motion—GR Energy, XConnect (formerly PerfX), and Horizontal (collectively, the "Non-Party Defendants")—not only have refused to be estopped, but are not parties to the Patent Trial and Appeal Board ("PTAB")

proceedings brought by G&H Diversified Manufacturing, LP ("G&H") that form the basis for the requested stay and are therefore not subject to estoppel under 35 U.S.C. § 325(e)(2). Additionally, before filing the instant motion, DynaEnergetics inquired as to whether they would agree to be bound by estoppel, but each of the Non-Party Defendants refused. Ex. A. Thus, absent clarification from this Court that any stay is conditioned on an agreement to be estopped, the Non-Party Defendants are free to rehash the same invalidity arguments considered by the PTAB in G&H's PGR once those proceedings conclude and the stay is lifted. Because agreement on estoppel and the resulting simplification of issues is one of the explicit reasons this Court grants stays, DynaEnergetics requests clarification on this narrow issue. *See Kirsch Research and Dev., LLC v. IKO Indus., Inc.,* Case No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021).

Moreover, the Court's order also references the *ex-parte* reexamination ("EPR") of the Asserted Patent in Reexamination Control No. 90/014,871, specifically stating that the case against two of the three Non-Party Defendants (GR Energy and Horizontal) is "stayed until such time as the later of" the resolution of the PGR or the EPR. C.A. 6:21-cv-00085-ADA, December 20, 2021 Text Order; C.A. 6:21-cv-00349-ADA, December 20, 2021 Text Order. In addition to the lack of any resulting estoppel, the Court is likely not aware that the PTAB has recently requested briefing from DynaEnergetics after having indicated that it is *sua sponte* considering staying the EPR while G&H's PGR (and another PGR filed by SWM and NexTier) are decided. Ex. B. Thus, if the PGRs are ultimately unsuccessful as DynaEnergetics expects, this proceeding could be delayed for many years with minimal potential for a resulting simplification of the issues to be decided by the Court. Such a manifestly unjust delay is highly prejudicial to DynaEnergetics, a competitor to the Non-Party Defendants, and not in line with this Court's principles of efficiency and timely resolution

of matters. In sum, the Non-Party Defendants would reap the extraordinary benefits of a stay against a *competitor* with no obligations. Therefore, DynaEnergetics further requests that the Court clarify its Order to make clear that the stay is premised solely on the duration of the post-grant review ("PGR") proceeding brought by G&H and <u>not</u> the ex-parte reexamination ("EPR") proceeding brought by Nexus Perforating, LLC ("Nexus"), which (1) offers no potential for estoppel against the Non-Party Defendants and (2) may not even begin until the conclusion of the PGR proceedings and will certainly result in a stay having a duration of multiple years.

## II.     PROCEDURAL HISTORY

Each of the Non-Party Defendants filed a Motion to Stay as follows:

- GR Energy Services Operating GP LLC, GR Energy Services Management, LP, and GR Energy Services, LLC (collectively, "GR Energy") filed their motion to stay on November 19, 2021 as Dkt. 44 in C.A. No. 6:21-cv-00085-ADA. The Parties completed briefing on December 10, 2021. Dkt. Nos. 49 & 52.

- XConnect, LLC ("XConnect," formerly PerfX Wireline Services, LLC) filed its motion to stay on December 6, 2021 as Dkt. 50 in C.A. No. 6:21-cv-00371-ADA. DynaEnergetics responded on December 20, 2021. Dkt No. 53. The Order on XConnect's Motion was entered prior to the deadline for it to file its reply.

- Horizontal Wireline Services, LLC and Allied Wireline Services, LLC (collectively, "Horizontal") filed their motion to stay on December 3, 2021 as Dkt. 42 in C.A. No. 6:21-cv-00348-ADA. DynaEnergetics responded on December 17, 2021. Dkt No. 45. The Order on Horizontal's Motion was entered prior to the deadline for it to file its reply.

In their respective Motions to Stay, each of the Non-Party Defendants coattail their requested stay based on the PGR filed by third-party G&H, and the EPR filed by third-party Nexus.[1] *See* various briefs referenced above. The Non-Party Defendants did not join either petition. The Court granted the Non-Party Defendants' respective Motions to Stay in a Text Order on December 20, 2021. Notably, none of the Non-Party Defendants agreed to estoppel under 35 U.S.C. § 325(e)(2) in the briefing on their Motions to Stay.[2]

On December 20, 2021, this Court granted the Non-Party Defendants' motions to stay via a text order stating as follows:

> Text Order GRANTING [42] Motion to Stay Case entered by Judge Alan D Albright. Before this Court is Defendants, Horizontal Wireline Services, LLC and Allied Wireline Services, LLC, Motion to Stay Pending Post-Grant Review and Ex Parte Reexamination of the Asserted Patent. Having considered the Motion, the Court finds that the Motion should be, and is hereby, GRANTED. It is therefore ORDERED that this case is STAYED until such time as the later of:(1) the Patent Trial and Appeal Boards entry of final judgment in G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH, No. PGR2021-00078; and (2) the Patent and Trademark Offices issuance of the reexamination certificate following the ex parte reexamination of U.S. Patent No. U.S. Patent No. 10,844,697 in Reexamination Control No. 90/014,871. The parties are ORDERED to file a notice of the decision within fourteen (14) days of entry of the order. (This is a text-only entry generated by the court. There is no document associated with this entry.) (JGlc)

Notably, neither G&H nor defendant NexTier Completion Solutions, LLC ("NexTier") included the EPR as a basis for their requested stays, nor was it included in the text order granting their respective Motions to Stay. C.A. 6:20-cv-01110-ADA, December 20, 2021 Text Order; C.A. 6:20-

---

[1] Both G&H and Nexus are defendants in related '697 Patent infringement actions in this District and the Southern District of Texas, respectively. XConnect did not expressly request a stay based on the EPR, as noted below.

[2] GR Energy suggested it "would be willing to consider" estoppel as a condition to the Court granting the stay. C.A. No. 6:21-cv-00085-ADA at ECF No. 52, n.5.

cv-01201-ADA, December 20, 2021 Text Order. While XConnect technically moved on the EPR since it incorporated the GR Energy motion to stay, it did not expressly premise its motion on the EPR, and the Court did not include it in the text order granting its Motion to Stay. C.A. 6:21-cv-00371-ADA, December 20, 2021 Text Order.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for clarification or reconsideration. *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, the Rules do provide that a court may revise an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion for reconsideration of an interlocutory order, so long as not unreasonably delayed, is governed by the same standard as a motion to alter or amend a judgement under Rule 59(e). The grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002).

Further, as a discretionary area, a court may modify or clarify "as justice requires." *Landstar Homes Dali, Ltd. v. Mid-Continent Cas. Co.*, No. 3:10-CV-0014-K, 2011 U.S. Dist. LEXIS 13100, at *4 (N.D. Tex. Feb. 8, 2011) (quoting *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 U.S. Dist. LEXIS 19478, at *1 (N.D. Tex. Jan. 22, 2010)); cf. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). In light of the specific facts of this case, DynaEnergetics respectfully submits that clarification is necessary to provide clear instruction to the parties regarding estoppel and that modification is just with respect to the appropriate duration of the requested stay.

IV.     ARGUMENT

   A. The Court Should Clarify Its Order Concerning Estoppel Under 35 U.S.C. § 325.

The Non-Party Defendants are not a party to either the PGR or EPR proceedings filed by third-parties. Thus, the Non-Party Defendants are not bound by the statutory estoppel effects of the PGR proceeding. *See* 35 U.S.C. § 325(e)(2). Defendants are also not estopped by the EPR, giving Defendants the ability to argue a full-blown prior art case for the '697 Patent after the stay eventually lifts. Obviously, this presents Defendants with a clear tactical advantage and prejudices DynaEnergetics. *See Intell. Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *4 (E.D. Tex. Nov. 7, 2016) ("Plaintiff argues that the lack of statutory estoppel tips the prejudice factor against a stay, because without an estoppel binding [defendant] to the full extent of 35 U.S.C. § 315, [defendant] could retain the right to present a nearly full-blown prior art case for the Asserted Patents after the stay lifts. The Court agrees.") (citations omitted).  These tactics "raise[] a strong inference of gamesmanship," as the Non-Party Defendants seek the same reward as those that did join—an indefinite stay, without any risk of estoppel. *Affinity Labs of Texas, LLC v. Dice Elecs., LLC*, No. 9:08-CV-163, 2009 WL 10296818, at *2-3 (E.D. Tex. Feb. 20, 2009) ("It would be naive to believe that counsel for at least some of the Defendants are not coordinating mutually beneficial defense strategies. . . . All are waiting to let [one defendant] take a shot at defeating [plaintiff at the PTO]. Of course, if things do not go well at the PTO, each Defendant in turn can file a request for *ex parte* reexamination. Defendants could then still assert the same and similar claims in this court.").

This Court previously granted a defendant's request for stay in *Kirsch Research and Dev., LLC v. IKO Indus., Inc.* 2021 WL 4555610, at *3, explaining that "how strongly the instituted [PTAB proceeding] favors stay is diminished by the scope of estoppel Defendants are willing to accept." *Id.* Thus, prior to granting IKO's stay, the Court confirmed in writing that IKO would

6

agree "to be estopped under the full scope of § 315(e), as if it was the petitioner in the [third-party] IPRs." *Id.* Accordingly, the Court found that the "simplification of the issues" factor favored a stay. *Id.* Indeed, courts across the country are in agreement as to this requirement. *See, e.g., Intell. Ventures*, 2016 WL 7634422, at *3 ("The absence of a full statutory estoppel not only increases the ability of litigants to 'game the system' and devise an unfair second bite at the apple, it also has the potential to increase rather than reduce the complexity of the validity issues that may come before the Court.").

The same agreement should be required in this case. If the Court's current order remains as is, Defendants are free to re-litigate the exact same issues already addressed in the PGR and EPR. Such an unfair result not only is a waste of party and judicial resources, but a clear tactical advantage to the Non-Party Defendants. Therefore, to maintain the Court's entered stay, DynaEnergetics submits that the Non-Party Defendants should be required to agree to full estoppel under 35 U.S.C. § 325, which is a minimal concession given the advantages it gained against its competitor DynaEnergetics. Indeed, NexTier is not included in this Motion for Clarification, because it *agreed* to be estopped under the full scope of 35 U.S.C. § 325(e)(2) by the G&H PGR proceedings if its Motion to Stay was granted, just like the defendant in *Kirsch Research. DynaEnergetics Europe GmbH v. NexTier Completion Solutions, Inc.,* Case No. 6:20-cv-01201-ADA, ECF No. 72.

In the alternative, if the Non-Party Defendants refuse, as they have done to date, the stay should be lifted, as the factors no longer favor staying this case.

### B. The Court Should Reconsider Its Order to the Extent the Duration of the Stay is Contingent on the Conclusion of the EPR.

Although DynaEnergetics disagrees that the relevant factors favor a stay, DynaEnergetics seeks only to reconsider the duration of the ordered stay with respect to two of the three Non-Party

7

Defendants to match the duration of the ordered stay with respect to G&H and NexTier. Specifically, because Horizontal's and GR Energy's Motions to Stay were granted pending both the PGR **and** EPR proceedings, a situation could arise in which the PGR ultimately fails, but these cases remain stayed because of the EPR. Such a situation is not merely hypothetical; after this Court granted the Non-Party Defendants' respective Motions to Stay, the PTAB requested briefing from DynaEnergetics in response to its *sua sponte* consideration of a stay of the EPR pursuant to 84 Fed. Reg. at 16656 for the duration of the G&H PGR (PGR2021-00078) as well as the PGR requested by NexTier and SWM International, LLC ("SWM") (PGR2021-00097). Ex. B. DynaEnergetics intends to oppose, but if the PTAB follows through and stays the EPR, it would only proceed to resolution after final judgment is issued in the PGRs confirming at least one claim.

As the Court is likely aware, there is no statutory limit on the duration of an EPR proceeding, resulting in a potentially indefinite duration of any stay premised thereon. The average EPR endures an overall examination pendency of over two years. Ex. C at 3. Given the PTAB's likely delay of the EPR proceeding, resolution of the EPR may not occur until early 2025. Even if the PTAB does not stay the EPR, it is unlikely to conclude before December 2023. All the while the Non-Party Defendants are free to continue introducing competitive infringing products into the market with no obligation to advance litigation.[3] Any stay premised on the EPR is, therefore, inherently prejudicial to DynaEnergetics as it "is the general right of patent owners to timely enforcement of their patent rights." *See e.g., Trover Grp., Inc.*, 2015 WL 1069179, at *2 (citing a collection of cases). Indeed, for exactly this reason, Courts are reluctant to grant stays pending *ex*

---

[3] DynaEnergetics has serious concerns about the financial viability of some of the Defendants. If the Patent Office attacks are unsuccessful, as DynaEnergetics expects, and the Defendants continue to infringe the '697 Patent over the next three-plus years, the money damages that will accrue could be staggering and make any judgment difficult for DynaEnergetics to collect.

*parte* reexamination proceedings due to the absence of resulting estoppel and their lengthy duration. *See Longhorn HD LLC v. NetScout Systems, Inc.*, No. 2:20-cv-00349, 2022 WL 71652, at *2 (E.D. Tex. Jan. 6, 2022) (Judge Gilstrap) (denying stay pending *ex parte* reexamination, stating "[Defendant] did not file the [third-party] EPR and nothing prevents [defendant]—or any other party—from filing an EPR on the [patent-in-suit] in the future if [this] EPR is eventually unsuccessful. Notably, unlike an IPR, there is no timeline for the duration of an EPR."); *Cooper Techs. Co. v. Thomas & Betts Corp.*, No. 2:06-CV-242, 2008 WL 906315, at *1-2 (E.D. Tex. Mar. 31, 2008) (a stay "pending *ex parte* reexamination is not appropriate"); *Pro-Troll, Inc. v. Shortbus Flashers, LLC*, No. 16-CV-04062-VC, 2016 WL 11432003, at *1 (N.D. Cal. Dec. 23, 2016) (denying motion to stay because "the ex parte reexamination process is much less likely to advance the ball in this case").

Given these unique procedural facts, facts not present at the time of the Court's decision on the Non-Party Defendants' Motions to Stay, DynaEnergetics respectfully requests the Court reconsider its decision by removing the EPR as a basis for the stay's duration. In the alternative, DynaEnergetics respectfully requests that the Court clarify its Order to specify that DynaEnergetics may request that the stay be lifted if G&H's PGR is unsuccessful.

## V.  CONCLUSION

Because the Court's current text order permits Defendants' unearned and unchecked benefit by not requiring Defendants' consent to be estopped as a condition to granting the stay, and because of the extreme length of Nexus' EPR and the PTAB's stated intent that it be stayed pending the outcome of G&H and NexTier/SWM's respective PGR proceedings, DynaEnergetics respectfully submits that the Court should clarify and/or reconsider its previous order as described above.

Dated: January 12, 2022	Respectfully Submitted,

*/s/ Eric H. Findlay*_____
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Mark D. Siegmund
State Bar No. 24117055
STECKLER WAYNE COCHRAN CHERRY, PLLC
8416 Old McGregor Road
Waco, TX 76712
Telephone: 254.651.3690
Facsimile: 254.651.3689
Email: mark@swclaw.com

Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
Stephanie M. Nguyen (*pro hac vice*)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Email: Stephanie.Nguyen@wbd-us.com
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

>Lisa J. Moyles (*pro hac vice*)
>Connecticut State Bar No. 425652
>Jason M. Rockman (*pro hac vice*)
>MOYLES IP, LLC
>New York Bar No. 4450953
>One Enterprise Drive, Suite 428
>Shelton, CT 06484
>Telephone: (203) 428-4420
>Email: lmoyles@moylesip.com
>Email: jrockman@moylesip.com
>
>*Attorneys for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this the 12th day of January, 2022

*/s/ Eric H. Findlay*_____
Eric H. Findlay