IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DYNAENERGETICS EUROPE GMBH and DYNAENERGETICS US, INC.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**GR ENERGY SERVICES OPERATING GP LLC; GR ENERGY SERVICES MANAGEMENT, LP; and GR ENERGY SERVICES, LLC,**<br><br>    Defendants. | Civil Action No. 6:21-cv-00085-ADA |
| **XCONNECT, LLC,**<br><br>    Defendant. | Civil Action No. 6:21-cv-00371-ADA |
| **HORIZONTAL WIRELINE SERVICES, LLC, and ALLIED WIRELINE SERVICES, LLC,**<br><br>    Defendant. | Civil Action No: 6:21-cv-00349-ADA |

**DEFENDANTS' CONSOLIDATED RESPONSE TO DYNAENERGETICS' MOTION FOR CLARIFICATION AND RECONSIDERATION**

Defendants GR Energy Services Operating GP LLC, GR Energy Services Management, LP, and GR Energy Services, LLC (collectively "GR Energy"), XConnect, LLC ("XConnect"), and Horizontal Wireline Services, LLC and Allied Wireline Services, LLC (collectively, "Horizontal") respectfully submit this response to DynaEnergetics' Motion for Clarification and/or Reconsideration In Part ("Motion for Reconsideration").  ECF No. 55 (Civil Action No. 6:21-cv-00085-ADA); ECF No. 58 (Civil Action No. 6:21-cv-00371-ADA); ECF No. 54 (Civil Action No: 6:21-cv-00349-ADA).

## I.     INTRODUCTION

After reviewing the parties' arguments, weighing the various prejudices, and considering the striking facts of these cases in connection with GR Energy's Motion to Stay, ECF No. 44[1], the Court clearly and unequivocally stayed the cases pending the Patent Office's post-grant review ("PGR") and *ex parte* reexamination ("EPR") of the '697 Patent asserted in these cases.[2] *See* Exs. A-C.  Having lost on the merits, DynaEnergetics attempted to unilaterally impose conditions on the stay that the Court declined to enter.  DynaEnergetics' Motion for Reconsideration—filed three weeks after the Court's order—is a superficial attempt to now relitigate the merits of its previous arguments that the Court already heard and rejected.

There is simply no reason for the Court to reconsider or modify its Order now. DynaEnergetics has identified no change in controlling law, no new evidence that affects the merits of the cases, and no need to correct a clear legal error to prevent manifest injustice. Instead, DynaEnergetics impermissibly moves for reconsideration based solely on "arguments that were presented or could have been presented in the past." *Quinn v. Guerrero*, 863 F.3d 353, 360 (5th Cir. 2017).  Accordingly, Defendants respectfully request that the Court deny DynaEnergetics' Motion for Reconsideration.

## II.    BACKGROUND

On December 20, 2021, the Court granted Defendants' Motions to Stay the cases pending PGR and EPR of U.S. Patent No. 10,844,697 (the "'697 Patent").  Exs. A-C.  These cases were stayed, alongside DynaEnergetics' other parallel lawsuits before this Court asserting the '697 Patent, to allow the Patent and Trademark Office ("PTO") to review the patentability of the '697

---

[1] Unless otherwise noted, record citations refer to the docket for the *GR Energy* case, Case No. 6:21-cv-00085-ADA. The Court likewise considered and granted XConnect's Motion to Stay, ECF No. 58, Case No. 6:21-cv-00371-ADA, and Horizontal's Motion to Stay, ECF No. 42, Case No. 6:21-cv-00349-ADA.
[2] Except for the *XConnect* case, Case No. 6:21-cv-00371-ADA, which is stayed pending only the PGR.

Patent across the two separate proceedings. First, the Patent Trial and Appeal Board ("PTAB") instituted review of challenged claims 1-21 in PGR2021-00078. ECF No. 44, Ex. 2. Second, an examiner instituted EPR of the '697 Patent after finding that three substantial new questions of patentability exist regarding claims 1, 2, and 8-10. *Id*., Ex. 4. The challenged claims in both proceedings fully cover all of the claims at issue in these cases (claims 1, 2, and 8-10). *Id*. at 2–3.

Given the likelihood that these dual proceedings would simplify the issues here, as well as the other pertinent factors favoring a stay of the cases set forth in the Motions to Stay, the Court

> therefore ORDERED that this case is STAYED until such time as the later of: (1) the Patent Trial and Appeal Board's entry of final judgment in G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH, No. PGR2021-00078; and (2) the Patent and Trademark Offices issuance of the reexamination certificate following the ex parte reexamination of U.S. Patent No. U.S. Patent No. 10,844,697 in Reexamination Control No. 90/014,871.

Ex. A.[3] Despite this clear ruling, DynaEnergetics filed a Motion for Reconsideration on January 12, 2022.

In the interim, on January 6, 2022, the PTAB instituted yet another review of challenged claims 1, 2, and 8-10 of the '697 Patent in PGR2021-00097. Ex. D at 91. Specifically, the PTAB instituted review of the claims on the following grounds, all but two of which were not asserted in the earlier PGR or EPR[4] (Ex. D at 9–10):

---

[3] The Court issued an identical provision staying the proceeding against defendant Horizontal. Ex. B. The Court stayed the proceeding against XConnect only "pending entry of a final judgment in G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH, No. PGR2021-00078, Paper 10, Patent Trial and Appeal Board." Ex. C.

[4] Anticipation of claims 1, 2, and 8-10 by Harrigan was asserted in the EPR and lack of enablement of claim 2 was asserted in the -078 PGR. ECF No. 44, Ex. 4 at 5 & Ex. 2 at 8.

DEFENDANTS' CONSOLIDATED RESPONSE TO MOTION
FOR CLARIFICATION AND RECONSIDERATION                                                    3

| Claims | PGR Instituted Grounds |
|---|---|
| 1, 2, 9, 10 | 35 U.S.C. § 102(a) – Anticipated by SafeJet System[5] |
| 1, 2, 9, 10 | 35 U.S.C. § 102(a) – Anticipated by Goodman[6] |
| 1, 2, 9, 10 | 35 U.S.C. § 102(a) – Anticipated by Harrigan[7] |
| 8 | 35 U.S.C. § 103 – Obvious in view of SafeJet System and Backhus[8] |
| 8 | 35 U.S.C. § 103 – Obvious in view Goodman and Backhus |
| 8 | 35 U.S.C. § 103 – Obvious in view SafeJet System and Harrigan |
| 8 | 35 U.S.C. § 103 – Obvious in view Goodman and Harrigan |
| 1, 2, 8-10 | 35 U.S.C. § 112(a) – Lack of written description |
| 9, 10 | 35 U.S.C. § 112(b) – Indefinite |
| 2 | 35 U.S.C. § 112(a) – Lack of enablement |

### III. LEGAL STANDARD

To prevail on its Motion for Reconsideration, DynaEnergetics must show: "(1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice." *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015). The Fifth Circuit has repeatedly stressed that "motion[s] for reconsideration may not be used to rehash rejected arguments" or "to raise arguments that were presented or could have been presented in the past." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *Quinn*, 863 F.3d at 360 (5th Cir. 2017). Rather, motions for reconsideration serve a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Quinn*, 863 F.3d at 360 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). By contrast, a motion for reconsideration premised on "mere disagreement with a prior order" is "a waste of judicial time and resources." *Soliz v. United States*, No. 5:16-CV-370-DAE, 2018 WL 6427342, at *2 (W.D. Tex. June 13, 2018) (citing

---

[5] The PGR Petitioner states that "[t]he SafeJet System was a perforating gun system… that was on sale and in public use at least as early as January 2009." Ex. D at 9.
[6] US 7,762,331 B2.
[7] US 2016/0084048 A1.
[8] International Publication No. WO 2011/160099 A1.

cases). Accordingly, reconsideration should be done "sparingly" and only in "extraordinary" circumstances. *Templet*, 367 F.3d at 479–80 (5th Cir. 2004).

While Federal Rule of Civil Procedure 54(b) affords courts discretion in granting reconsideration, courts do not have "'*carte blanche* to reconsider' an interlocutory order." *Soliz*, 2018 WL 6427342, at *2 (quoting *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 480 (M.D. La. 2002)). This Court has repeatedly followed the "general practice of courts in this Circuit" and considered Rule 54(b) motions for reconsideration "under the same standards that govern Rule 59(e) motions." *See, e.g.*, *Soliz*, 2018 WL 6427342, at *2 (internal alterations omitted); *see also Villegas v. M.G. Dyess, Inc.*, Civil Action No. 5:19-cv-01057-OLG, 2021 WL 5194902, at *2 (W.D. Tex. Aug. 9, 2021) (recognizing this Court's "considerable discretion" to reconsider an interlocutory order but finding it appropriate to do so only when the standards under Rule 59(e) are met).

When motions for reconsideration are based on a claimed need to prevent manifest injustice, "courts look at the matter on a case-by-case basis." *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *3 (W.D. Tex. June 14, 2005). And while "[t]here is no general definition of manifest injustice," this Court has repeatedly acknowledged that it is "clear from case law, and from a natural reading of the term itself, [] that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.*; *Gomez v. Loomis Armored US LLC*, No. 5:16-CV-931-DAE, 2018 WL 6265114, at *7 (W.D. Tex. Aug. 17, 2018).

On the other hand, when motions for reconsideration are based on claimed new evidence, courts generally find reconsideration justified only when the evidence would have altered the

court's prior ruling or analysis. *See UMG Recordings, Inc. v. Grande Communs. Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 4501535, at *3 (W.D. Tex. Sep. 20, 2018) (denying reconsideration of motion to dismiss based on new evidence when the "allegedly 'new' facts [were] insufficient to overcome the deficiencies of the original Complaint").

IV. **ARGUMENT**

Leery that it cannot meet the high standard for reconsideration, DynaEnergetics suggests that the Court should clarify its order. But the Court need not modify its unambiguous order based on DynaEnergetics' recycled arguments. DynaEnergetics is requesting this Court revisit its prior ruling based on nothing more than "mere disagreement" with the decision. This is improper. *Soliz*, 2018 WL 6427342, at *2. Substantively, DynaEnergetics' motion fails to satisfy the standard for any of the three bases for reconsideration. Though DynaEnergetics purports to present "new evidence," that evidence is neither new nor materially impacts the Court's stay. In fact, DynaEnergetics suspiciously omits the only material intervening fact that does bear on the stay: the institution of another PGR. The Motion for Reconsideration is merely an attempt to get the Court to revisit the merits of Defendants' Motions to Stay. Procedurally, DynaEnergetics' motion is premature, as the only scenario underlying the motion—the potential for serial, unsuccessful reviews of the '697 Patent—remains a mere possibility.

    A.    **DynaEnergetics Request for Clarification is a Request for Relief Already Considered and Denied.**

DynaEnegertics' motion comprises two requests: a motion for "clarification" and a motion for reconsideration. In its request for clarification, DynaEnergetics asks the Court to "clarify" its Order to make clear that the stay is conditioned on Defendants "agreeing to full estoppel under 35 U.S.C. § 325(e)(2)." Mot. at 6–7 & Proposed Order. But DynaEnergetics does not even pretend to identify any ambiguity or uncertainty in the Court's Order. To state the

obvious, the Court's Order *is* clear as written: the case is stayed pending the later of the -078 PGR or the EPR—full stop. There is no need for the Court to "clarify" its unambiguous order. DynaEnergetics' request for "clarification" really seeks to impose a new condition on the stay that the Court chose not to implement, that would be a forced stipulation that is not required in law, and that DynaEnergetics did not ask for in its opposition to the Motions to Stay.

But even if the Court's order were somehow unclear, Defendants should not be subjected to estoppel flowing from third-party proceedings before the PTAB. Estoppel under Section 325(e)(2) applies to the PGR petitioner, real parties in interest, and privies of petitioner, and Defendants are none of those. That point was raised in DynaEnergetics' opposition to the Motions to Stay. ECF No. 49 at 1. As DynaEnergetics' current motion recognizes, whether or not a defendant agrees to estoppel may be a factor under this Court's decision in *Kirsch*, which it issued less than two months before Defendants' Motions to Stay and which was cited to in those motions. *See* ECF No. 44 at 6; ECF No. 52 at 2. The Court could have asked the Defendants to submit to an estoppel if the interests of justice had so required, as they did in *Kirsch,* but the Court did not do so. DynaEnergetics was free to discuss the estoppel point it now raises in its opposition to the Motions to Stay, but it *did not even cite to Kirsch*. *See* ECF No. 49. Now, *Kirsch* serves as the linchpin of DynaEnergetics' argument. Mot. at 7. DynaEnergetics' unilateral demand that Defendants agree to be estopped as an *ex post* condition for the Court's stay is not a legitimate reason for the Court to revisit its decision.

DynaEnergetics' request for "clarification" is a superficial attempt to skirt the demanding requirements for seeking reconsideration. Because the Court's Order is clear, and because DynaEnergetics has not met the standard for reconsideration for the reasons discussed below, the Court should deny DynaEnergetics' request for clarification.

## B. DynaEnergetics Fails to Meet the Standard for Reconsideration.

DynaEnergetics' Motion for Reconsideration should be denied for the simple reason that it fails to meet the standard for reconsideration in this Circuit. DynaEnergetics has not identified, and there has not been, any intervening change in controlling law or any clear legal error on behalf of the Court. Mot. at 7–9. Instead, DynaEnegertics reuses the same arguments concerning purported prejudice and judicial inefficiency that it raised and this Court has already considered in connection with the Motions to Stay.

Substantively, the principal basis for DynaEnergetics' request are purported "facts not present at the time of the Court's decision." Mot. at 9. However, the only "new" evidence that DynaEnergetics presents to the Court is correspondence from the PTAB "request[ing] briefing from DynaEnergetics in response to its *sua sponte* consideration of a stay of the EPR pursuant to 84 Fed. Reg. at 16656 for the duration of" the PGRs. Mot. at 8 & Ex. B. According to DynaEnergetics, this "new" fact indicates that the PTAB is considering staying the EPR, which would likely result in an "unjust delay" that is "highly prejudicial to DynaEnergetics." *Id.* at 2. However, the possibility that the PTO might stay the EPR is not new information and the PTAB requesting briefing from DynaEnergetics on a potential stay is par for the course. This is because it is common practice for the PTAB to take these actions. In April 2019, the PTO issued a Notice setting forth "clarification regarding existing reissue and reexamination procedures at the Office." 84 FR 16654-01, 2019 WL 1754253(F.R.) at *16655. Relevant here, the PTO indicated that "the Board ordinarily will stay a parallel Office proceeding where good cause exists… [including] for example, an on-going AIA proceeding… addressing the same or overlapping claims." *Id*. at *16656. The only "new" fact is that the PTAB asked for briefing from DynaEnergetics citing this public information about its typical procedure. Mot., Ex. B. Both the possibility and the likelihood that the EPR might be stayed by the PTO are facts that

DynaEnergetics could have raised previously, but did not.  *See e.g.*, *Quinn*, 863 F.3d at 360 (reconsideration "should not be used to raise arguments that… could have been presented in the past").

What is more, there is one very significant factual change that supports the Court's stay order and should keep it firmly in place—the institution of yet another PTAB proceeding against the '697 Patent (PGR2021-00097).  Indeed, this change in facts is so detrimental to DynaEnergetics' motion, it failed to mention this substantial new turn of events in its Motion for Reconsideration.  What this means is there are now three PTO proceedings reviewing the '697 Patent, subjecting each of the asserted claims 1, 2, and 8-10 to *seven or more* grounds of invalidity.  ECF No. 44, Ex. 2 at 8 & Ex. 4 at 5; Ex. D at 9–10.  The institution of yet another PTO review proceeding substantially increases the already high likelihood that some or all of the asserted claims in these cases will be cancelled or amended, further simplifying the issues, solidifying the Court's well-reasoned decision, and further undermining any purported prejudice to DynaEnergetics.[9]

Moreover, DynaEnergetics argues that "***a situation could arise*** in which the PGR ultimately fails, but these cases remain stayed because of the EPR" and "***if*** the PTAB follows through and stays the EPR, it would only proceed to resolution after final judgment is issued in the PGRs confirming at least one claim."  Mot. at 8 (emphasis added).  Such speculative arguments are an insufficient basis for reconsideration.  *See Crabb v. U.S. Federal Highway, Admin.*, No. H-11-0848, 2015 WL 3604184, at *2 (S.D. Tex. June 8, 2015) (holding that a "possibility that . . . the final agency action at issue, might be modified in some way at some

---

[9] To the extent the Court considers modifying its Order pursuant to DynaEnergetics' Motion for Reconsideration, Defendants submit that the Order should further identify the newer -097 PGR as an additional basis for the duration of the stay.

time, is not newly discovered evidence that provides a basis to change the court's earlier ruling").

An additional consideration that strongly warrants maintaining the stay until conclusion of the EPR is the PTO's factual finding in the EPR concerning the priority date of the '697 Patent. *See* ECF No. 44 at 3–4, 9. As noted in the Motions to Stay, in the decision instituting reexamination the examiner found that the priority date of the '697 patent was four years later than the date claimed on the face of the patent. *Id*., Ex. 4 at 9–10. In the examiner's view, the actual priority date warranted by the '697 Patent is June 8, 2017. *Id*. Regardless of the duration of the EPR, that finding is operative until the examiner rules otherwise. Moreover, the examiner's finding is lethal to the success of DynaEnergetics' lawsuits asserting the '697 Patent, because some of the accused products, and even *DynaEnergetics' own practicing product*, predate the examiner's 2017 priority date and would anticipate the '697 Patent (according to DynaEnergetics' own allegations and admissions) unless the finding is overturned. *See* ECF No. 44 at 4, 9. Thus, the reexamination presents a unique scenario here because the examiner has already made a critical factual finding that facially appears to be dispositive of the claims in these cases, and the parties are not merely awaiting some future determination on validity.

To the extent DynaEnergetics is suggesting that reconsideration is needed to prevent manifest injustice, DynaEnergetics' motion likewise falls short of meeting the standard for reconsideration. DynaEnergetics has not articulated any "fundamental flaw in the court's decision" that would give rise to an inequitable result if not corrected. *Alvarado*, 2005 WL 1420846, at *3; *Gomez*, 2018 WL 6265114, at *2.

### C. DynaEnergetics Rehashes the Same Arguments the Court Previously Considered.

Instead of presenting new arguments grounded in any meaningful change in circumstances, DynaEnergetics reasserts the same perceived prejudices it already presented in its response to the Motions to Stay. In fact, each of the arguments DynaEnergetics makes in its motion here are nearly identical to arguments it previously presented to the Court. This is an improper attempt to relitigate the merits of the Motions to Stay. *Quinn*, 863 F.3d at 360. The chart below is a side-by-side comparison of the central arguments made by DynaEnergetics in its present motion and its response to the Motions to Stay, illustrating the clear overlap.

| **Motion for Reconsideration** | **Response to GR Energy's Motion to Stay[10]** |
|---|---|
| DynaEnergetics argues that GR Energy not being subject to estoppel gives GR Energy "the ability to argue a full-blown prior art case for the '697 Patent after the stay eventually lifts." Mot. at 2, 6, 7.<br><br>According to DynaEnergetics "this presents Defendants with a clear tactical advantage and prejudices DynaEnergetics." *Id.* | DynaEnergetics argued that if GR Energy were not bound by any estoppel, "GR Energy would remain free to rehash all of the same invalidity arguments" and would "retain the right to present a full-blown prior art case for the '697 Patent after the stay lifts." ECF No. 49 at 1–2, 6.<br><br>According to DynaEnergetics this "will unduly prejudice DynaEnergetics while providing GR Energy with a clear tactical advantage." *Id.* at 2, 6. |
| DynaEnergetics argues that "[t]hese tactics 'raise[] a strong inference of gamesmanship,' as the Non-Party Defendants seek the same reward as those that did join—an indefinite stay, without any risk of estoppel." Mot. at 6. | DynaEnergetics argued that "the fact that GR Energy is seeking a stay based on the third-party PGR and even slower EPR (and also does not impose any estoppel provisions) without filing or joining any petitions at the PTO 'raises a strong inference of gamesmanship.'" ECF No. 49 at 6–7. |

---

[10] In response to XConnect's Motion to Stay (which incorporated the motions of other defendants, including GR Energy), DynaEnergetics directed the Court to its oppositions filed in GR Energy's case, as well as G&H Diversified Manufacturing (Civil Action No. 6:20-cv-01110-ADA, ECF No. 61) and NexTier Completion Solutions (Civil Action No. 6:20-cv-01201-ADA, ECF No. 71). ECF No. 53 (Case No. 6:21-cv-00371-ADA).

| | |
|---|---|
| DynaEnergetics argues that "there is no statutory limit on the duration of an EPR proceeding, resulting in a potentially indefinite duration of any stay premised thereon. The average EPR endures an overall examination pendency of over two years." Mot. at 8. | DynaEnergetics argued that "[o]n average, *ex parte* reexaminations endure an overall reexamination pendency [] of over 25 months," and thus, a stay "could ultimately delay DynaEnergetics' interest in adjudicating the claims well beyond the January 2023 trial date estimated in the Proposed Scheduling Order[], possibly to 2024 or later." ECF No. 49 at 3. |
| DynaEnergetics further argues that in light of that fact, a stay being premised on both the PGR and EPR proceedings is "inherently prejudicial to DynaEnergetics." *Id.* | DynaEnergetics further argued that "[b]ecause GR Energy is seeking a stay on both the EPR and PGR proceedings, DynaEnergetics will be prejudiced by the extraordinary length of time even an average reexamination takes." *Id.* |
| DynaEnergetics argues that it is further prejudiced by GR Energy's "free[dom] to continue introducing competitive infringing products into the market with no obligation to advance litigation" during the course of the stay. Mot. at 8. | DynaEnergetics argued that it is further prejudiced since "[d]uring this stayed period, GR Energy would be allowed to continue introducing its infringing products into the market without any obligation to advance litigation." ECF No. 49 at 4. |

DynaEnergetics argues that if Defendants refuse to voluntarily submit to an estoppel at its request, "the stay should be lifted, as the factors no longer favor staying this case." Mot. at 7. This is incorrect. As noted above, the Court granted the stay unconditioned on an estoppel, and no statutory estoppels apply to Defendants. That was equally true when the Court granted the Motions to Stay as it is now. Nothing has changed, except now the Court has stayed *all* of DynaEnergetics' cases in this District pending the outcome of the -078 PGR.[11] It would thus be

---

[11] *DynaEnergetics Europe GmbH v. G&H Diversified Manufacturing, LP*, Case No. 6:20-cv-01110-ADA (W.D. Tex.) and *DynaEnergetics Europe GmbH v. NexTier Oilfield Solutions, Inc.*, Case No. 6:20-cv-01201-ADA (W.D. Tex.), in addition to the above-captioned cases.

DEFENDANTS' CONSOLIDATED RESPONSE TO MOTION
FOR CLARIFICATION AND RECONSIDERATION                                                                 12

extremely inefficient for the Court to lift the stay as to GR Energy, XConnect, and Horizontal, while the other pending actions remain stayed pending the PGR.

Put simply, DynaEnergetics' Motion for Reconsideration is entirely devoid of any new arguments justifiably grounded in any change of circumstances. DynaEnergetics' cries of redundant, wasteful litigation ring hollow given that DynaEnergetics is now "re-litigat[ing] the exact same issues already addressed" in connection with the Motions to Stay. Mot. at 7. A motion for reconsideration is not a proper avenue for DynaEnergetics to reassert the very same arguments that the Court already considered and rejected. If this were proper, then every litigant that loses an earlier motion would just repackage and resubmit its losing arguments for reconsideration—an approach that would congest the Court's already busy docket.

### D. DynaEnergetics' Motion is Premature.

Procedurally, there is no reason for the Court to consider DynaEnergetics' motion now. The parties' positions, as well as the speculative threats of prejudice, are unchanged from when the Court granted the Motions to Stay.

First, DynaEnergetics' request that the Court modify its Order to condition the stay on the Defendants' submission to estoppel coextensive with 35 U.S.C. § 325(e)(2) assumes both that the challenged claims will survive PGR and that the Defendants will assert the same (failed) grounds of invalidity before this Court. To the extent the Court is inclined to hear that issue, the more appropriate time to do so is when the stay lifts and the cases resume, because the Court and the parties will have gained clarity regarding the outcome of the -078 PGR and EPR rather than relying on mere speculation, as DynaEnergetics does now.

Second, DynaEnergetics moves the Court to remove the EPR as a basis for staying the cases from its Order. Mot. at 7–9. Specifically, DynaEnergetics is concerned that, should the PTO stay the EPR, "a situation could arise in which the PGR ultimately fails, but these cases

remain stayed because of the EPR." *Id.* at 8.  That decision is also better suited to be addressed at a future date, *if and when* the PTO has stayed the EPR and *if and when* one or more asserted claims escape the PGR unscathed.

Finally, as an alternative, DynaEnergetics asks the Court to "specify that [it] may request the stay be lifted" if the -078 PGR is unsuccessful.  Mot. at 9.  That request is also unnecessary.  As the Motion for Reconsideration itself demonstrates, DynaEnergetics already moved the Court to modify the stay without leave of Court.  There is no reason for the Court to now modify its Order to explicitly grant DynaEnergetics that ability.

## V. CONCLUSION

For the forgoing reasons, Defendants respectfully requests that the Court deny DynaEnergetics' Motion for Reconsideration.

Dated: January 26, 2022                                                 Respectfully submitted,

By: */s/ Phillip M. Aurentz*
Aimee Perilloux Fagan, Lead Counsel
Texas State Bar No. 24010299
afagan@sidley.com
Phillip M. Aurentz
Texas State Bar No. 24059404
paurentz@sidley.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

**ATTORNEYS FOR DEFENDANTS
GR ENERGY SERVICES OPERATING
GP LLC; GR ENERGY SERVICES**

MANAGEMENT, LP; and GR ENERGY SERVICES, LLC

**ERISE IP, P.A.**

/s/ *Carrie A. Bader*
Megan J. Redmond (*pro hac vice*)
Carrie A. Bader (*pro hac vice*)
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: megan.redmond@eriseip.com
Email: carrie.bader@eriseip.com
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Email: melissa@gillamsmithlaw.com
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*ATTORNEYS FOR DEFENDANT XCONNECT, LLC*

**THE WEBB LAW FIRM**

/s/ *Bryan P. Clark*
Kent E. Baldauf, Jr. (admitted in WDTX)
Bryan P. Clark (admitted in WDTX)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

   *AND*

Jason R. Grill (TX ID No. 24002185)

**STEPTOE & JOHNSON PLLC**
17088 Hughes Landing Blvd., Suite 750
The Woodlands, TX 77380
281.203.5700
281.203.5701 (fax)
jason.grill@steptoe-johnson.com

***ATTORNEYS FOR DEFENDANTS HORIZONTAL WIRELINE SERVICES, LLC AND ALLIED WIRELINE SERVICES, LLC***

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on January 26, 2022.

                                              */s/ Phillip M. Aurentz*
                                              Phillip M. Aurentz