IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DYNAENEGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br>       *Plaintiffs*, <br><br> v. <br><br> GR ENERGY SERVICES OPERATING GP LLC, GR ENERGY SERVICES MANAGEMENT, LP, and GR ENERGY SERVICES, LLC, <br>       *Defendants*. | § § § § § § § § § § § § § | C.A. NO. 6:21-cv-00085-ADA |
| v. <br><br> HORIZONTAL WIRELINE SERVICES, LLC, and ALLIED WIRELINE SERVICES, LLC, <br>       *Defendants*. | § § § § § § § § | C.A. NO. 6:21-cv-00349-ADA |
| v. <br><br> XConnect, LLC, <br>       *Defendant*. | § § § § § § | C.A. NO. 6:21-cv-00371-ADA |

## MEMORANDUM OPINION AND ORER

The Court takes now considers the Plaintiffs' (DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.) Motion for Clarification and/or Reconsideration. Dkt. No. 55.[1] After considering the motion, the Defendants' Consolidated Response, and the Plaintiffs' Reply, the Court declines to modify its earlier Order for Stay but gives other relief described below.

---

[1] Docket numbers refer to 6:21-cv-00085. The corresponding motion is filed as Dkt. No. 54 in 6:21-cv-00349 and Dkt. No. 58 in 6:21-cv-00371.

## BACKGROUND

On December 12, 2021, the Court docketed the following order:[2]

It is therefore ORDERED that this case is STAYED until such time as the later of: (1) the Patent Trial and Appeal Boards entry of final judgment in G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH, No. PGR2021-00078; and (2) the Patent and Trademark Offices issuance of the reexamination certificate following the ex parte reexamination of U.S. Patent No. U.S. Patent No. 10,844,697 in Reexamination Control No. 90/014,871.

Plaintiffs seek reconsideration because the stay in the above-captioned cases cover defendants who are not bound by estoppel, so the stay will not simplify the case for trial. Also, Plaintiffs argue that the Court failed to account for the possibility that ex parte reexamination 90/014,871 may be stayed in view of post-grant review PGR2021-00078, making the stay longer than the Court initially anticipated.

## ANALYSIS

Plaintiffs present no new intervening arguments or material facts for the Court to consider.

In response to Plaintiffs' first argument, that the defendants are unfairly unbound by estoppel, the Court will not now impose estoppel after ordering the stay. But to mitigate the unfairness against Plaintiffs, the Court will allow Plaintiffs to use PTAB's decisions from post-grant review PGR2021-00078 and/or ex parte reexamination No. 90/014,871 at trial if either of these decisions are favorable to Plaintiffs.

As to Plaintiffs' second argument, that the stay could extend longer than the Court intended, the Court finds the scenario too speculative to necessitate modifying the existing order for stay. But if the facts change, Plaintiffs may have grounds to seek modification of the stay at that time. Thus, Plaintiffs have leave[3] to seek modification of the stay order at the conclusion of

---

[2] The Order in 6:21-cv-00371 omits the condition for reexamination 90/014,871.
[3] Not applicable to 6:21-cv-00371.

post-grant review PGR2021-00078 if, at that time, ex parte reexamination No. 90/014,871 has been stayed in view of PGR2021-00078.

## CONCLUSION

Dynaenergetics Motion for Clarification and/or Reconsideration of the Court's Order Granting Defendants' Motion to Stay is **denied**. The Court will allow Plaintiffs to introduce decisions of the PTAB from post-grant review PGR2021-00078 and ex parte reexamination No. 90/014,871 at trial if Plaintiff so chooses. Plaintiffs have leave[4] to seek modification of the stay order at the conclusion of post-grant review PGR2021-00078 if, at that time, ex parte reexamination No. 90/014,871 has been stayed in view of PGR2021-00078.

SIGNED this 11th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] Not applicable to 6:21-cv-00371.